# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cr-382-JDR

United States of America,

*Plaintiff*,

*versus*

Prophet Kelly Lamar Clark,

*Defendant*.

## OPINION AND ORDER

Defendant Prophet Kelly Lamar Clark moves to dismiss the single-count indictment [Dkt. 2][1] filed against him on the grounds that 18 U.S.C. § 922(g)(1) is unconstitutional. Dkt. 20. Mr. Clark initially argued that, because the statute unequivocally regulates conduct protected under the Second Amendment, it is the Government's burden to demonstrate that § 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation." Dkt. 20 at 7-13 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). Mr. Clark supplemented his motion to recognize the Tenth Circuit's recent ruling in *Vincent v. Bondi*, No. 21-4121, ___ F.4th ___, 2025 WL 453999 (10th Cir. Feb. 11, 2025), precluding his argument. Dkt. 23. The Court agrees that, under *Vincent*, Mr. Clark's motion must be denied.[2]

---

[1] All citations refer to CMECF pagination.

[2] Mr. Clark has "preserved [this] issue[] in the hope of further developments in either [the Tenth Circuit] or the Supreme Court." *United States v. Talbot*, No. 23-8025, 2025 WL 485708 (10th Cir. Feb. 13, 2025).

No. 24-cr-382

In 2008, the Supreme Court determined that the Second Amendment confers "an individual right to possess a firearm unconnected with service in a militia, and to use that arm for traditionally lawful purposes, such as self-defense within the home." *District of Columbia v. Heller*, 554 U.S. 570, 577 (2008). In reaching that holding, the Supreme Court indicated that "nothing in [the *Heller*] opinion should be taken to cast doubt" on the constitutionality of "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. In 2009, the Court of Appeals for the Tenth Circuit relied on that statement when holding that 18 U.S.C. § 922(g), which criminalizes the possession of firearms by convicted felons, does not violate the Second Amendment. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

In 2022, the Supreme Court articulated a new methodology for assessing the constitutionality of statutes limiting the rights of individuals to keep and bear firearms. The Court held that, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). Once a court determines that conduct is protected, the Government must justify its regulation by "demonstrat[ing] that [the regulation] is consistent with this Nation's historical tradition of firearm regulation." *Id.*

Following *Bruen*, the Court of Appeals for the Tenth Circuit heard an appeal challenging the constitutionality of § 922(g). *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023). The Court of Appeals affirmed its holding in *McCane*. *Id.* In doing so, the Court did not expressly conduct the analysis in *Vincent*, holding instead that, because "*Bruen* did not indisputably and pellucidly abrogate [the] precedential opinion in *McCane*," the opinion in *McCane* remained good law. *Id.* Ms. Vincent appealed the Court's holding in *Vincent* based on the Tenth Circuit's failure to expressly perform a *Bruen* analysis.

No. 24-cr-382

While the *Vincent* appeal was pending, the Supreme Court again addressed the constitutionality of 18 U.S.C. § 922(g) in *United States v. Rahimi*, 602 U.S. 680 (2024), and reaffirmed its prior statement that the "appropriate analysis" requires consideration of "whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.* at 692 (citing *Bruen*, 597 U.S. at 26-31). The Court then granted certiorari in *Vincent* and vacated and remanded the opinion so that the Tenth Circuit could engage in further consideration in light of *Rahimi*. *Vincent v. Garland*, 144 S. Ct. 2708 (2024).

On remand, the Tenth Circuit held "that felon dispossession laws are presumptively valid" and that *Rahimi* "doesn't clearly abrogate the presumptive validity of § 922(g)(1)." *Vincent v. Bondi*, No. 21-4121, ___ F.4th ___, 2025 WL 453999, at *2 (10th Cir. Feb. 11, 2025) (citing *McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)). Under current Tenth Circuit precedent, *McCane* remains good law, and 18 U.S.C. § 922(g) remains presumptively valid. Although this Court has previously expressed reservations regarding the lack of any express *Bruen* analysis, *see e.g., United States v. Gaskey*, 730 F. Supp.3d 1181, 1186 (N.D. Okla. 2024), *McCane*, and now *Bondi*, are binding. Under that precedent, Mr. Clark's motion to dismiss [Dkt. 20] must be, and is, denied.

DATED this 18th day of February 2025.

JOHN D. RUSSELL
*United States District Judge*